**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 05-7079**

————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

TIMOTHY DONALD BRYANT,

                                        Defendant - Appellant.

————————

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (CR-01-82; CA-05-96)

————————

Submitted:  September 27, 2005      Decided:  October 4, 2005

————————

Before LUTTIG, MOTZ, and DUNCAN, Circuit Judges.

————————

Dismissed by unpublished per curiam opinion.

————————

Timothy Donald Bryant, Appellant Pro Se. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Timothy Donald Bryant seeks to appeal the district court's order denying relief on his motion for modification of sentence pursuant to 18 U.S.C.A. § 3582(c)(2) (West 2000 & Supp. 2005), which the district court construed as a successive 28 U.S.C. § 2255 (2000) motion. An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Bryant has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Bryant's notice of appeal and informal brief on appeal as an application to file a second or successive motion under 28 U.S.C. § 2255 (2000). See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a

prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. 28 U.S.C. § 2255 (2000). Bryant's claims do not satisfy either of these conditions. Therefore, we decline to authorize a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>